**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 19 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

THOMAS CHALK,

    Plaintiff-Appellee,

v.

COMPUWARE CORPORATION,

    Defendant-Appellant.

No. 03-1102
(D.C. No. 00-WM-439 (BNB))
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **LUCERO** , **McKAY** , and **TYMKOVICH** , Circuit Judges.

Defendant Compuware Corporation appeals from the district court's denial

of its post-verdict motion for judgment as a matter of law ("JMOL"), and the

district court's entry of judgment on the jury's verdict awarding plaintiff Thomas

Chalk damages for Compuware's breach of its Enterprise Sales Manager Bonus

---

\*    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plan (the "Plan") . Our jurisdiction arises under 28 U.S.C. § 1291. The parties are familiar with the facts and procedural history of this case and we need not restate either here. Suffice it to say that Compuware hired Mr. Chalk to work as an Enterprise Sales Manager in Denver, Colorado, in May 1996. Five months later the parties executed the Plan, which was "effective from April 1, 1996 through March 31, 1997." Aplt. App., Vol. III at 1257. Compuware terminated Mr. Chalk's employment in May 1999, and allegedly failed to pay him certain bonuses he had earned under the Plan. Mr. Chalk sued Compuware in February 2000, raising various federal and state claims.

Only Mr. Chalk's breach-of-contract claim was submitted to the jury. On July 10, 2002, the jury found by a special verdict form that the Plan was a contract, that Compuware did not retain discretion over bonuses, and that Mr. Chalk was entitled to $240,000 in damages. Compuware filed a post-verdict motion for JMOL. On February 10, 2003, the court rejected Compuware's motion, and granted Mr. Chalk's motion for entry of judgment. This appeal followed. It "ultimately concerns two general arguments: (1) that the District Court erred in submitting . . . Chalk's . . . breach of contract claim to the jury; and (2) that the District Court erred in entering judgment . . . in light of an absence of evidence in support of the jury's award." Aplt. Reply Br. at 1.

-2-

We review de novo the district court's denial of Compuware's post-verdict motion for JMOL. *Veile v. Martinson,* 258 F.3d 1180, 1188 (10th Cir. 2001). In so doing, "we do not weigh the evidence, evaluate the credibility of witnesses, or substitute our conclusions for those of the jury." *Abuan v. Level 3 Communications, Inc.*, 353 F.3d 1158, 1168 (10th Cir. 2003). Our review of the jury verdict "is limited to determining whether the record–viewed in the light most favorable to the prevailing party [Mr. Chalk,]–contains substantial evidence to support the jury's decision." *United Int'l Holdings, Inc. v. Wharf Holdings Ltd.*, 210 F.3d 1207, 1227 (10th Cir. 2000) (quotation omitted), *aff'd*, 532 U.S. 588 (2001).

Having reviewed the briefs, the record, and applicable law in light of the above-mentioned standards, we conclude that the district court correctly denied Compuware's post-verdict motion for JMOL, and did not err in holding that the record contains substantial evidence to support the jury's decision. We therefore AFFIRM the district court's February 14, 2003 judgment for substantially the same reasons as stated in its order dated February 10, 2003.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

-3-